UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LNV CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STK FINANCIAL, LLC, a California corporation, et al.,<br><br>Defendants. | Case No: C 11-00025 SBA<br><br>**ORDER**<br><br>Docket 7 |

The parties are presently before the Court on Plaintiff LNV Corp.'s ("Plaintiff") motion to transfer to the United States District Court for the Western District of Washington. Dkt. 7. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to transfer for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-1(b).

I.   **BACKGROUND**

On October 7, 2008, Defendant STK Financial, LLC, a California corporation, entered into a promissory note and loan agreement in the amount of $750,000 with the Bank of Clark County, located in the State of Washington. Dkt. 1 at 6-7. Defendants Kreutzelman and Kobayashi, both California residents, signed commercial guaranties in connection with the promissory note and loan agreement. Id. The promissory note, loan

agreement and commercial guaranties contained forum selection clauses stating that, if there was a lawsuit, the borrowers agreed to the jurisdiction of the courts of Clark County, State of Washington. Id. at 13, 18, 23, 27. The Bank of Clark County was taken over by the Federal Deposit Insurance Corporation ("FDIC"). Id. ¶28. The FDIC assigned the promissory note and commercial guaranties to Plaintiff, a Nevada corporation. Id. Defendants defaulted on the promissory note, loan agreement and guaranties. Id. ¶27.

On October 29, 2010, Plaintiff filed the instant action in the Superior Court of the State of Washington, Clark County to recover on a promissory note, loans and guaranties against Defendants. Dkt. 1. Based on diversity jurisdiction, 28 U.S.C. § 1332, Defendants removed the action. They did not remove the action to the district in which the state court action was pending, which was the United States District Court for the Western District of Washington, but to this Court. Id.

Consequently, on February 3, 2011, Plaintiff filed a motion to transfer the action to the Western District of Washington under 28 U.S.C. §§ 1406(a) and 1404(a). Dkt. 7. The hearing on the matter was set for May 3, 2011. Id. Under the Civil Local Rule in effect at the time that Plaintiff filed its motion, Defendants were required to oppose the motion or file a statement of non-opposition twenty-one (21) days before the hearing, which was April 12, 2011. Civ. L.R. 7-3(a). Defendants did not file an opposition or statement of non-opposition on April 12, 2010. On April 18, 2011, Plaintiff filed a reply pointing out that, under this Court's Standing Orders, a failure to oppose any motion or request constitutes consent to the granting of the motion or request. Dkt. 8 at ¶8 at 2. After the briefing deadline under the Civil Local Rules closed, pursuant to Civil Local Rule 7-7(b)(2)(A), the Court continued the hearing date. As provided under Civil Local Rule 7-7(d), this continuance did not extend the time for Defendants to oppose Plaintiff's motion because "the date for filing the papers [had] already passed prior to the date of the order for continuance." To date, Defendants have not responded to Plaintiff's motion.

**II.     DISCUSSION**

The Court finds that, in light of its Standing Orders, Defendants' failure to oppose Plaintiff's motion constitutes consent to granting the motion, and therefore the Court GRANTS the motion on this ground. The Court now examines Plaintiff's arguments under 28 U.S.C. §§ 1406(a) and 1404(a) to determine if additional grounds exist for granting the motion.

**A.     28 U.S.C. § 1406(A)**

Under 28 U.S.C. § 1446, for a defendant to remove an action, he must file a notice of removal "in the district court of the United States for the district and division within which such action is pending." Here, the action was pending in the Western District of Washington, but Defendants incorrectly filed the notice of removal in this Court. Under 28 U.S.C. § 1406(a), when there is "a case laying venue in the wrong division or district[,]" the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, pursuant to § 1406(a) this Court may transfer the instant action to the correct venue where the notice of removal should have been filed, i.e., the Western District of Washington. See, e.g., Shamrock Mfg. Co. v. Ammex Corp., CV-F-10-908 OWW/SKO, 2010 WL 3153976, at \*\*4-8 (E.D.Cal. Aug. 9, 2010) (transferring case to the correct venue under § 1406(a)). Hence, the Court GRANTS the motion to transfer pursuant to § 1406(a).

**B.     28 U.S.C. § 1404(A)**

Under 28 U.S.C § 1404(a), district courts have broad discretion to transfer cases. A district court may transfer any civil action to any other district or division where it might have been brought when the convenience of the witnesses and interests of justice are served by transfer. 28 U.S.C § 1404(a). The statute is intended to give district courts discretion to adjudicate motions to transfer by providing "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Under § 1404(a), a forum selection clause is considered a significant factor favoring transfer to the agreed upon forum. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In the

instant action, the forum selection clauses in the promissory note, loan agreement and two guaranties specify that the parties agree to the jurisdiction of the courts in Clark County, Washington. Thus, the forum selection clauses weigh strongly in favor of transfer to the Western District of Washington pursuant to § 1404(a). Accordingly, the Court GRANTS Plaintiff's motion under § 1404(a).

### III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to transfer is GRANTED.

2. This action shall be TRANSFERRED forthwith to the United States District Court for the Western District of Washington.

3. This Order terminates Docket No. 7.

IT IS SO ORDERED.

Dated: September 12, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge